UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| SHRIKANTH NEKKANTI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 3:18-cv-784-GNS |
| | ) |
| V-SOFT CONSULTING GROUP, INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff's Motion for Summary Judgment (the "Motion") must be denied because there are genuine issues of material fact which preclude the entry of summary judgment, and because the Motion is based upon inadmissible hearsay evidence. Plaintiff Shrikanth Nekkanti ("Nekkanti") seeks to hold Defendant V-Soft Consulting Group, Inc. ("V-Soft"), vicariously liable for the alleged intentional criminal conduct of V-Soft's former employee, SaiSiva Yerramneni ("Yerramneni"). Nekkanti asserts that Yerramneni forged a written instrument containing Plaintiff's signature with the intent to deceive the United States Customs and Immigration Service ("USCIS"), that Plaintiff lost his job as a result of that forgery, and that V-Soft should be found liable for Yerrameni's conduct as his employer. Generally, however, an employer is not vicariously liable for an intentional tort of an employee not actuated by a purpose to serve the employer. Based solely on hearsay evidence as to what happened, Plaintiff concedes that Yerramneni altered a letter that Plaintiff admits signing, placing an Anthem logo on it, which caused Plaintiff's employer to terminate him. Motion at 4-5. To find V-Soft liable for Yerramneni's alleged conduct, Plaintiff must prove both that Yerramneni acted within the

1

scope of his employment and that he acted as alleged to further a business purpose of V-Soft rather than a personal purpose of his own. Yerramneni's purpose, or his intent in forging the Anthem letter as alleged, is a question of fact that precludes summary judgment.

## STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In making this determination, the Court must view the evidence in the light most favorable to the non-moving party, who must demonstrate that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1).

"Hearsay evidence may not be considered on [a motion for] summary judgment." Wilson v. Dana Corp., 210 F. Supp.2d 867, 872 (W.D. Ky. 2002) (quoting Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp., 176 F.3d 921, 927 (6th Cir. 1999)). As explained by the United States Court of Appeals for the Sixth Circuit:

> Rule 56 requires the plaintiff to present evidence of evidentiary quality that demonstrates the existence of a genuine issue of material fact. Examples of such evidence include admissible documents or attested testimony, such as that found in affidavits or depositions. The proffered evidence need not be in admissible form, but its content must be admissible. For instance, deposition testimony will assist a plaintiff in surviving a motion for summary judgment, even if the

2

deposition itself is not admissible at trial, provided substituted oral testimony would be admissible and create a genuine issue of material fact.

Bailey v. Floyd County Board of Education, 106 F.3d 135, 145 (6th Cir. 1997). "It is well-established in this circuit that otherwise inadmissible hearsay evidence may not be used to support or oppose a motion for summary judgment." Lucas v. Chance, 121 Fed. Appx. 77, 79-80 (6th Cir. 2005).

## FACTUAL ALLEGATIONS

Plaintiff's recitation of "undisputed facts" is not so limited. Instead, Plaintiff includes several irrelevant facts, assumptions and unsupported conclusions. V-Soft is a foreign corporation with its principal office located in Louisville, Kentucky. Complaint at ¶ 2. V-Soft places skilled Information Technology employees with firms in need of such workers. Id. at ¶ 6. Speculating as to the "shortage of United States citizens qualified to fill these domestic business needs,"[1] Plaintiff notes that V-Soft employs approximately 340 to 400 employees who are not United States citizens. Motion at 2. Yet, Plaintiff fails to note that V-Soft employs an equal or greater number of U.S. citizens at the same time, in addition to some number of independent contractors. Deposition of Phil Williams, December 4, 2019 ("Williams Depo.") at 19 (a copy of which is attached to Plaintiff's Motion as Exhibit 2). This is apparently an effort by Plaintiff to support his irrelevant assertion that V-Soft is "dependent on foreign talent" like Yerramneni,[2] an Indian citizen who was working in the United States on an H-1B visa. Id.

Plaintiff further notes that V-Soft employs people here in Louisville that act as its immigration department, assisting non-citizens in maintaining their immigration status, and that

---

[1] Plaintiff makes this statement perhaps only as an observation. It is unsupported by any citation to the record or otherwise.
[2] V-Soft employed Yerramneni from July 2017 until October 2018, placing him in Atlanta for a project with Anthem. Plaintiff was employed by Global Information Technology at that same time, and he was also placed on the Anthem project in Atlanta through a contract with Cognizant.

3

it "goes so far as to pay is H-1B visa employees a prevailing wage even when they are not working." Id. Without further support, Plaintiff concludes that those employees are a fundamental aspect of V-Soft's business plan, id. at 3, but he fails to note that continuing to pay them is a requirement of their H-1B status. See Williams Depo. at 25-26 (noting that V-Soft has to keep such employees on its employee rolls and pay them a prevailing wage; its only choice is to terminate them or continue to pay even if they are not working on a project).

Plaintiff then discusses the crux of his argument, that the three employees in V-Soft's immigration department in Louisville helped Yerramneni as he gathered the documents necessary to extend his H-1B visa. Motion at 3. Plaintiff asserts that V-Soft's employees provided Yerramneni with a checklist of items needed and "specifically directed [him] to get a letter from Anthem attesting to his work for it" on the Atlanta project. Id. Plaintiff then concedes that Yerramneni provided V-Soft with the documents, which V-Soft then filed with USCIS in support of his application. Id. Only later, when USCIS audited the application, did Plaintiff, V-Soft or anyone else become aware that Yerramneni had not provided V-Soft with the documents it requested. Id., at 4.

Yerramneni did not provide a letter *from Anthem.* Instead, Yerramneni presented Plaintiff with an affidavit describing Yerramneni's duties with the Anthem project in Atlanta, and Plaintiff admits signing that Affidavit of Shrikanth Nikkanti. Deposition of Shrikanth Nekkanti, September 11, 2020 ("Nekkanti Depo.") at 74-75, a copy of which is attached as **Exhibit 1** to this Response. Then, based solely on hearsay evidence, when advised that he needed a letter from the client, Anthem, and not simply a colleague, Yerramneni was unable to obtain a letter from either Anthem or Cognizant. See Motion at 4, Exhibit 7, October 24, 2018 email from SaiSiva Yerramneni to V-Soft's General Counsel, Phil Williams. Rather than

4

provide a letter from Anthem, apparently Yerramneni took it upon himself to complete the draft client letter, paste an Anthem logo on it and copy Plaintiff's signature from the affidavit that he signed. Id. Plaintiff claims that he had no knowledge that this was done. Nor had he authorized Yerramneni to paste an Anthem logo on the letter he signed. Id. Of course, V-Soft was also unaware that Yerramneni had done this. See Williams Depo. at 42 (noting that V-Soft was unaware that Yerramneni had any problem obtaining a letter from Anthem until after the fact). Finally, Plaintiff claims that, as a result of Yerramneni's actions, Cognizant terminated its relationship with him, and he was fired from the Anthem project in Atlanta. Motion at 5. Yet, he remained employed by Global Information Technology, who placed him on another project at a higher pay rate within a few weeks. Nekkanti Depo. at 101, 178-92, Exhibit 9 (showing an increase in Plaintiff's pay from $43/hour with Anthem in October 2018 to $75/hour with Prime Therapeutics beginning in November 2018). A copy of Exhibit 9 to the Deposition of Shrikanth Nekkanti is attached as **Exhibit 2** to this Response.

## ARGUMENT

Plaintiff first argues that there is "no question of law" that Yerramneni forged a document signed by Nekkanti. Motion at 6. This Court previously granted V-Soft's Motion to Dismiss [DN 8], dismissing all of the Plaintiff's claims against V-Soft with the exception of that alleging forgery in the third degree. Memorandum Opinion and Order entered July 30, 2019. [DN 11]. That ruling did not conclusively establish as a matter of law, though, that any forgery had been committed. Instead, the Court simply allowed Plaintiff to proceed on that claim only, and it limited the claim to forgery in the third degree. "Plaintiff's allegations only potentially fit within 'forgery in the third degree.'" Id., at 5.

Forgery is a crime under Kentucky law. Ky. Rev. Stat. § 516.010 *et seq.* "A person is guilty of forgery in the third degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument." Ky. Rev. Stat. § 516.040(1). To prevail, Plaintiff must prove that (1) a written instrument (2) was falsely made or altered, (3) by a person who intended to defraud, deceive or injure another. Beyond that, however, Plaintiff must also establish a basis for attaching liability to V-Soft for the allegedly intentional criminal conduct of its former employee, SaiSiva Yerramneni. The only undisputed fact in this regard is that Yerramneni was the person who acted with respect to creating the document with the Anthem logo that precipitated Plaintiff's termination by Cognizant. V-Soft asked for a letter from Anthem to include with Yerramneni's application to extend his H-1B visa. Unbeknownst to V-Soft, Yerramneni could not obtain such a letter, so he created it himself if his hearsay emails and conversations to that effect are considered as truthful. In turn, V-Soft did nothing more than file the letter Yerramneni provided.

Similarly, Plaintiff argues that there is "no question of law" that V-Soft is strictly liable for Yerramneni's forgery. This is also incorrect. It both presumes that Yerramneni committed forgery – a question of fact for the jury to determine – and it misstates the applicable standard for liability under a *respondeat superior* theory. An employer is vicariously liable for an employee's tortious conduct under the doctrine of *respondeat superior*. For an employer to be found liable, the employee must have been acting within the scope of employment at the time of his tortious act. Osborne v. Payne, 31 S.W.3d 911 (Ky. 2000). "Generally, intentional torts are committed outside the scope of employment." Booker v. GTE.NET LLC, 350 F.3d 515, 518 (6th Cir. 2003). An intentional tort committed by an employee may be within the scope of employment if "its purpose, however misguided, is wholly or in part to further the [employer's]

6

business." Patterson v. Blair, 172 S.W.3d 361, 369 (Ky. 2005) (quoting W. Page Keeton, *et al.*, Prosser and Keeton on the Law of Torts 500, 505 (5th ed. 1984)). However, where an employee commits an intentional tort that is motivated by purely personal reasons, the employee acts outside the scope of employment, and the employer is not vicariously liable. Papa John's Intern., Inc. v. McCoy, 244 S.W.3d 44, 51 (Ky. 2008). When the employee commits an intentional tort, such as forgery in this case, "the focus is consistently on the purpose or motive of the employee in determining whether he or she was acting within the scope of employment." Id., at 56.

Crucial to a determination whether V-Soft is liable for Yerramneni's alleged forgery is his motive or intent in altering the document he provided to V-Soft for filing with the USCIS. Whether Yerramneni intended to deceive V-Soft, the USCIS or anyone is an element that must be established to find that his actions amounted to forgery as defined by the Kentucky statute. He may not have intended to deceive anyone at all.[3] He may not have understood the implications of his alleged actions. We cannot make that determination from the record presented here. Yerramneni is not a party to this action, and he has not been deposed or otherwise responded to discovery. Instead, the only evidence presented of what Yerramneni did, and more importantly why he did it, is hearsay from emails and conversations between Yerramneni and Plaintiff and between Yerramneni and V-Soft's General Counsel, Phil Williams, all after the fact. As such, that evidence is not properly considered on a motion for summary judgment. See supra, at 2-3; Fed. R. Civ. P. 56(c)(2). Moreover, that hearsay evidence speaks only to what Yerramneni did, and it is silent as to his intent or purpose beyond the assertion that he could not get the letter from Anthem that V-Soft had requested.

---

[3] As the Supreme Court of Kentucky noted in considering an employer's liability for the alleged intentional tort of malicious prosecution: "If, for whatever reason, [the employee] did not intentionally make a false statement . . . then there is no tort." Papa John's, 244 S.W.3d at 52.

7

Of greater significance, though, Yerramneni's intent and purpose are a question of fact as has been long established under Kentucky law.

> An issue, involving the determination of the mental attitude or intent of a person or persons with respect to acts done by them, is for the jury, ***even though the evidence be not conflicting. A question of intent is always a question of fact.*** The rule that a man is taken to have intended the probable result of his own acts is at most a rule of evidence to be applied by the triers on inquiring into the intent, but is never a rule of law.

Com. v. Wiggins, 176 S.W. 946, 946-47 (Ky. Ct. App. 1915) (emphasis added). Where different inferences can be drawn from undisputed facts, intent is a question of fact and not of law. James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Ins. Co., 814 S.W.2d 273 (Ky. 1991).

Plaintiff concedes that trial courts must focus on the motive of the employee's actions under Kentucky law. Motion at 8. However, there is no direct evidence of Yerramneni's intent or motive, only inferences to be drawn from the circumstances. Drawing conclusions from such inferences is for the jury, and not a determination to be made on summary judgment. Plaintiff also incorrectly argues that Yerramneni acted within the scope of his employment because "V-Soft specifically instructed [him] to obtain a letter from Anthem for his H-1B immigration application for an extension." Id. Yet, overlooked by this assertion is the fact that Yerramneni acted contrary to V-Soft's instructions. Had Yerramneni actually obtained a letter *from Anthem*, rather than creating one that appeared to be from Anthem, but with an allegedly forged signature of his colleague and not an Anthem employee, there would have been no problem with the papers he provided to V-Soft to be submitted to USCIS. Plaintiff even acknowledges that Yerramneni's conduct was contrary to V-Soft's alleged instruction.[4] Id.

---

[4] Curiously, Plaintiff notes that Phil Williams' testimony is admissible as an exception to the hearsay rule, but he does so without pointing to any particular testimony of Mr. Williams in support of the assertion that "only a letter with Anthem letterhead would suffice." Motion at 8, n. 26.

8

Finally, Plaintiff returns to his unsupported speculation or assumptions about V-Soft's business. Claiming that the use of non-U.S. citizens working for it on an H-1B visa is "perhaps the most critical component of V-Soft's entire business,"[5] Plaintiff argues that the extension of Yerramneni's H-1B visa would benefit V-Soft. He then makes the leap from asserting that because the extension would benefit V-Soft, Yerramneni's motive or purpose in falsifying the document he provided to V-Soft was intended to further V-Soft's business. Plaintiff makes no mention of, nor does he give any consideration to the possibility that Yerramneni may have been motivated by personal purposes or his desire to remain within the United States, which are equally plausible conclusions.

The evidence upon which Plaintiff relies presents a question of fact as to Yerramneni's intent to deceive, in order to establish that he committed forgery. It presents a question of fact as to Yerramneni's purpose in having Plaintiff sign the letter requested by V-Soft rather than by an Anthem employee as requested. Different inferences can be drawn from the facts alleged in the hearsay evidence presented by Plaintiff. V-Soft believed that Yerramneni's conduct as alleged was so far outside the scope of his employment that it terminated his employment upon learning of it. Williams Depo. at 20. Accordingly, the purpose to be served by Yerramneni's conduct and his intent are questions of fact for the jury to decide in this case. V-Soft may only be found liable under *respondeat superior* if Yerramneni's purpose in committing the allegedly intentional criminal conduct of forgery causes that conduct to fall within the scope of his authority as a V-Soft employee. Thus, there remains a material question of fact that precludes the entry of summary judgment.

---

[5] Once again, Plaintiff cites no evidence in support of this hyperbolic assertion. Motion at 9.

9

WHEREFORE, Defendant V-Soft Consulting Group, Inc., respectfully requests that the Court deny Plaintiff's Motion for Summary Judgment.

Respectfully submitted,

/s/ H. Kevin Eddins
H. Kevin Eddins
Gregory L. Taylor
EDDINS · DOMINE LAW GROUP, PLLC
3950 Westport Road
Louisville, Kentucky 40207
Phone: (502) 893-2350
Fax: (502) 893-1949
Email: keddins@louisvillelawyers.com
Email: gtaylor@louisvillelawyers.com
*Counsel for V-Soft*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was served on October 9, 2020, by United States mail and/or by electronic mail addressed to the following:

Thomas R. Coffey
R. Benjamin Crittenden
MORGAN POTTINGER McGARVEY
401 South Fourth Street, Suite 1200
Louisville, Kentucky 40204

trc@mpmfirm.com

/s/ Gregory L. Taylor
EDDINS · DOMINE LAW GROUP, PLLC
*Counsel for V-Soft*