FILED JS
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY
21 OCT 28 AM 10:07

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **Shrikanth Nekkanti** | **Plaintiff** |
| v. | 3:18-cv-784 -BJB-RSE |
| **V-Soft Consulting Group, Inc.** | **Defendant** |

## JURY INSTRUCTIONS

Members of the jury, now I will instruct you about the law that you must follow in deciding this case. These instructions have three parts. First, we will discuss your duties and the general rules that apply in every civil case. Second, I will explain the legal elements, or questions, that must be determined to decide the claim in question. Then I will pause and you will hear closing arguments from the lawyers—but those do not bind you like the instructions from the judge. Third, and finally, I will talk to you about how this group, as a jury, will deliberate and decide this case.

### I.      DUTIES OF THE JURY

You have two main duties as a juror. The first is to decide what the facts are. You must make this decision based on the evidence that you saw and heard here in Court. Deciding what the facts are is your job—not mine. Nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to apply the law, as I explain it, to those facts that you found. My job is to instruct you about the law. You are bound by the oath you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you during the trial and these instructions now. All of the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What the judge says about the law controls.

Please work hard to perform these duties carefully and fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. The law does not permit you to be governed by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as I give it to you, and reach a just verdict, regardless of the consequences.

You should consider and decide this case as a dispute between parties of equal standing, of equal worth, and holding the same or similar stations in the community. All parties stand

equal before the law and are to be treated as equals.

You are to consider only the evidence in the case. Unless I instruct you otherwise, the evidence in the case consists of the sworn testimony of the witnesses (regardless of who called the witness), all exhibits received in evidence (regardless of who may have produced them), and all facts and events that may have been admitted or stipulated to.

Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.

Another part of your job as jurors is to decide how credible, or believable, each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions. Use your common sense and your everyday experience in dealing with other people, and then decide what testimony you believe and how much weight you think it deserves. The weight of the evidence does not necessarily depend upon the number of witnesses who testify for either side.

As a reminder, the Plaintiff has the burden of proving his case against the Defendant by what is called a "preponderance of the evidence." That phrase does not, of course, require proof to an absolute certainty. Rather, it means that the Plaintiff must present evidence that, considered in light of all the facts, persuades you that what the Plaintiff claims is more likely to be true than it is to be not true. You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases, such as this one. So you should disregard it. The standard here is whether the evidence establishes that a fact is more likely true than false.

## II.     RULES OF LAW

### Instruction No. 1 – Liability

The Court has already determined that V-Soft is legally responsible, or "liable," for the actions of its former employee, Saisivakumar Yerramneni. The Plaintiff, Shrikanth Nekkanti, has presented evidence that those actions harmed him. Your job is to determine whether V-Soft should pay Mr. Nekkanti—and if so, how much—based on the evidence of damages that you have heard.

### Instruction No. 2 – Damages

You must determine, based on the evidence, what sum of money, if any, will fairly and reasonably compensate Mr. Nekkanti for his damages. These include any lost wages and emotional distress caused by the forgery. Although mentioned during trial, the plaintiff is not seeking, and you should not award him, any damages for any physical injuries or out-of-pocket travel costs.

## III. JURY DELIBERATIONS

When you go back to the jury room, you will select one juror to act as your foreperson. The foreperson will preside over your deliberations and will serve as your spokesperson here in Court.

Please take these instructions to the jury room. When you have reached a unanimous agreement, the foreperson should complete the attached verdict form, write the date, and sign the verdict form on behalf of the jury.

Some of you may have taken notes during the trial. Any juror may use notes to refresh his or her memory of evidence presented at trial, but you should not rely on the notes as definitive fact or as evidence. Juror notes do not necessarily carry any greater weight than memory. And a juror's memory unaided by notes is just as significant as a juror's memory that is not. Jurors should not be influenced by another juror's notes.

Once you start deliberating, talk about the case only with other members of the jury—not with the security officer, or me, or anyone else. If you have any questions or messages, you must write them down on a piece of paper, sign them, and give them to the security officer. He will give them to me, and I will respond as soon as I can. I will have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson. Do not ever write down or tell anyone outside the jury room how you stand on your votes. That should stay secret until you are finished.

It is your duty as jurors to consult with one another with a view to reaching an agreement, if you possibly can do so without going against your individual judgment. You must each decide this case for yourself, but only after you impartially consider the evidence with your fellow jurors. During your deliberations, if you become convinced your own view is wrong, do not hesitate to reexamine your views and change your opinion. But do not surrender your honest conviction regarding the weight or effect of the evidence solely because of the opinion of your fellow jurors, or merely so the group can finish and return a verdict.

Your verdict or answer to any question must be unanimous. All eight members of the jury must agree on every answer to the questions and on the verdict.

The verdict form below has been prepared for your convenience. You will take this form to the jury room and, when you have reached a verdict, fill it out according to the jury's decision. You will then tell the officer and return with your verdict to the courtroom. All eight of you must unanimously agree on the verdict.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**Shrikanth Nekkanti**                                                                  Plaintiff

v.                                                                                      3:18-cv-784-BJB-RSE

**V-Soft Consulting Group, Inc.**                                                       Defendant

### Verdict Form

**We, the Jury,** make the following finding of damages caused by the forgery:

    (1) Lost Wages                                                    $ _____

    (2) Emotional Distress                                             $ _____


    TOTAL                                                              $ _____


_____
FOREPERSON'S SIGNATURE

_____
FOREPERSON'S JUROR NUMBER

DATE _____