UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

SHRIKANTH NEKKANTI                                                                        PLAINTIFF

v.                                                                             No. 3:18-cv-784-BJB-RSE

V-SOFT CONSULTING GROUP, INC.                                                         DEFENDANT

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Shrikanth Nekkanti sued V-Soft Consulting under Kentucky's negligence per se statute for its vicarious liability for its employee's forgery. *See* Complaint (DN 1-1). Nekkanti prevailed on liability at summary judgment, DN 45, and a jury awarded him damages for lost wages and emotional distress, DN 74. He then filed a bill of costs (DN 80), *see* Fed. R. Civ. P. 54(d)(1), within 30 days of the entry of judgment, *see* Local Rule 54.3.

Nekkanti seeks (1) $282.10 for clerk fees and (2) $1,042.08 for transcripts of two depositions. DN 80. Receipts confirmed these amounts. *See* DN 80-1 at 3–5. V-Soft didn't object.

Federal Rule of Civil Procedure 54(d)(1) authorizes a prevailing party to recover costs, other than attorney fees. The Sixth Circuit has interpreted this language to "creat[e] a presumption in favor of awarding costs," while still "allow[ing] denial of costs at the discretion of the trial court." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986). Taxable costs are, however, limited to those specified by 28 U.S.C. § 1920. *In re Cardizem CD Antitrust Litigation*, 481 F.3d 355, 359 (6th Cir. 2007) (courts have "discretion to decline requests for costs, not discretion to award costs that § 1920 fails to enumerate") (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)). The objecting party "bears the burden of persuading the Court that taxation is improper." *Roll v. Bowling Green Metal Forming*, No. 1:09-cv-81, 2010 WL 3069106, at \*1 (W.D. Ky. Aug. 4, 2010).

Nekkanti's receipt indicates he seeks costs paid to the Jefferson Circuit Clerk when he filed the case in state court. *See* DN 80-1 at 5. Section 1920 authorizes taxation of "[f]ees of the clerk," but the Sixth Circuit has interpreted this to exclude fees paid to the clerk of the *state* court. *Lawrence v. Ch. Ct. of Tenn.*, 188 F.3d 687, 693 (6th Cir. 1999) (endorsing Eighth Circuit's interpretation that § 1920 "does not permit [district courts] to take into account state-court filing fees"); *see also Howe v. City of Akron*, No. 5:06-cv-2779, 2016 WL 916701, at \*20 (N.D. Ohio Mar. 10, 2016)

1

("fees of the clerk" refers "only to fees of the 'clerk of *this* Court'"); *Freier v. Freier*, 985 F. Supp. 710, 713 (E.D. Mich. 1997) ("a fee to a state court clerk is not authorized under § 1920"). So Nekkanti cannot recover these costs.

Nekkanti also seeks costs for two deposition transcripts. Costs for any transcripts, print or electronic, "necessarily obtained for use in the case" are taxable. § 1920(2). The first transcript was of the deposition of Phil Williams, V-Soft's former general counsel, and the other transcript was of Nekkanti's own deposition. DN 80-1 at 3–4. All depositions "taken within the proper bounds of discovery" are routinely found to be "necessarily obtained for use in the case." *Allen v. Highlands Hospital Corp.*, No. 4-269, 2009 WL 10711811, at *2 (E.D. Ky. Mar. 24, 2009) (quotation omitted). Since both depositions were properly taken and used in motion practice and at trial, these transcript costs are taxable.

## ORDER

The Court grants Nekkanti's Bill of Costs (DN 80) for $1,042.08 for transcripts of two depositions. The Court denies costs for $282.10 paid in fees to the state-court clerk. The Clerk shall tax $1,042.08 as costs against V-Soft Consulting.

Benjamin Beaton, District Judge
United States District Court

May 16, 2022